UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: CR05-176-RSL |
| v. ) | |
| ) | |
| LESLIE C. CONNOR, ) | DETENTION ORDER |
| ) | |
| Defendant. ) | |
| _____ ) | |

Offense charged:

A judgment against the defendant to a charge of conspiracy to commit wire and mail fraud in violation of 18 U.S.C. § 1349 was entered on September 2, 2005. Defendant was ordered to self-surrender after completion of home detention ordered in Case No. CR03-510-Z. Defendant was released on an appearance bond dated May 6, 2005, in this case, subject to terms and conditions, including that he comply with all terms of supervised release in Case CR03-510-Z.

Date of Detention Hearing:   December 9, 2005.

On December 9, 2005, defendant appeared on an alleged violation of his conditions of pretrial release and on a hearing of an alleged violation of supervised release in CR03-510-Z. This alleged violation was contacting Laurie Wolfer in violation of a special condition that he

have no contact with her.

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds:

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) On May 6, 2005, defendant was released on bond with pretrial supervision and special conditions.

(2) One of the conditions of his bond was that he comply with the conditions of supervised release in Case No. CR03-510-Z, which included, among others, having no contact with Laurie Wolfer.

(3) At the hearing on December 9, 2005, the defendant admitted violating the terms of his supervised release in Case No. CR03-510-Z and the terms of his appearance bond in this case by attempting contact Laurie Wolfer.

(4) There appear to be no conditions or combination of conditions that will address the danger to other persons or the community.

IT IS THEREFORE ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall direct copies of this Order to counsel for the United States, to

01 counsel for the defendant, to the United States Marshal, and to the United States
02 Pretrial Services Officer.
03 DATED this 9th day of December 2005.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge